The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, Arkansas 72450
Dear Representative Wooldridge:
This official Attorney General opinion is rendered in response to a question you have raised concerning municipal ambulance service.
You have asked:
 Is a municipality which has granted no ambulance franchise required to allow participation of more than one ambulance service in its enhanced 911 program when more than one ambulance service provider is located within the geographical boundaries of the municipality?
It is my opinion that Arkansas law does not require a city that has granted no ambulance service franchise to allow the participation of more than one ambulance service provider in its 911 program. However, it could be argued that in limiting the participation in this manner, the city has, in effect, granted a franchise to the participating provider, and that accordingly, the city should be subject to the requirements regarding competitive solicitation that govern cities granting franchises.
The issue of the required number of emergency service providers in cities where no franchise has been granted is not addressed by the law. In setting forth the various requirements for 911 emergency systems, the Public Safety Communications Act simply does not state a required number of participating medical emergency service providers.
Some guidance as to the General Assembly's view of the public policy surrounding this issue can be gleaned, however, from the provisions governing cities in which a franchise is granted. Those provisions permit exclusive franchises, but they also impose certain requirements regarding competition.
In authorizing cities to grant franchises for the provision of emergency medical service, A.C.A. § 14-266-107 states:
 The cities shall also have the right and power to franchise, exclusively or otherwise, emergency medical services, ambulances, ambulance companies, their related properties, facilities, equipment, personnel, and any and all aspects attendant to providing emergency medical services and ambulance operations within the cities, whether or not owned and operated by the city.
A.C.A. § 14-266-107(b) (emphasis added).
This provision clearly authorizes exclusive franchises for ambulance service. Indeed, the General Assembly expressed concern with situations in which more than one medical emergency service provider simultaneously serves the same area, as follows:
 It is further legislatively determined that emergency medical services and ambulance operations, when subjected to competitive practices of multiple companies simultaneously serving the same city, operate under precarious financial conditions and that this type of competition is harmful to the health, safety, and welfare of residents of the state.
A.C.A. § 14-266-102(b)(1).
This legislative determination reflects a preferred policy against simultaneous multiple providers. However, the legislature also expressed a desired policy of permitting competition, even where exclusive franchises are granted, as follows:
 (2) However, it is also legislatively determined that periodic competition among companies for the right to provide ambulance services offers a safe and effective means of encouraging fair and equitable private-sector participation.
 (3) Therefore, in order to ensure the availability of state-of-the-art advanced life-support systems and ambulance systems, the General Assembly specifically delegates and grants to cities of the first class and second class the right and power to contract exclusively or otherwise, using competitive procurement methods, for the provision of emergency medical services and ambulance services for the city and to provide continuing supervision of those services.
A.C.A. § 14-266-102(b)(2) and (3).
The law also provides:
 In the event an exclusive franchise is issued, the process employed in the issuance shall provide periodic opportunity for competitive solicitation of ambulance franchise applications.
A.C.A. § 14-266-107(c). I have previously opined that allowing for the competitive solicitation of ambulance franchise applications is a requirement for cities that grant exclusive franchises. See Op. Att'y Gen. No. 97-163. Although this requirement is directed at situations in which an exclusive franchise is issued, a convincing argument could be made that a city that allows only one provider to participate in its 911 system, even though more than one provider is located within the city, should be subject to the same competition requirements.
It therefore appears that under the current state of the law, cities that have not granted ambulance service franchises are not required to allow more than one ambulance service provider to participate in their 911 systems, even where more than one provider is located within the city. However, it could be argued that in limiting the participation in this manner, the city has, in effect, granted an exclusive franchise to the participating provider, and should thus be subject to the competitive solicitation requirements of A.C.A. § 14-266-107(c).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh